# Richmond

## THE BOULEVARD APARTMENTS, INC. v. OPAL EVANS.

April 21, 1941.

Record No. 2325.

Present, Campbell, C. J., and Holt, Gregory, Eggleston and Spratley, JJ.

*Paul V. Rogers* and *J. Randall Caton, Jr.*, for the plaintiff in error.

*Frederick L. Flynn* and *Maurice D. Rosenberg,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action by notice of motion was brought by the plaintiff, Opal Evans, to recover of The Boulevard Apartments, Inc., defendant, damages for personal injuries sustained by plaintiff resulting from the alleged negligence of the defendant in the operation of an incinerator installed in defendant's apartment house wherein plaintiff resided as a tenant. There was a trial by jury which resulted in a verdict for the plaintiff, which verdict was affirmed by the trial court.

The notice of motion alleges that the defendant owned and operated for profit an apartment house located on Green street in the city of Alexandria, Virginia; that an incinerator for the disposal of trash, waste and garbage was maintained in the apartment house for the benefit of tenants; that on the 16th day of October, 1939, while the plaintiff was standing in the hallway cleaning a vacuum cleaner, an explosion occurred in the incinerator due to the negligent operation of the same by the defendant.

The facts shown by the record may be summarized thus: The apartment house consisted of two units, designated A and B. The plaintiff resided on the third floor in Unit B. In each unit there was installed an incinerator of the low temperature type. In the basement of each unit there is a square fire box and the chimney goes straight up from this incinerator, acting both as a feed and as a flue. In the hallway of each floor (first, second and third), there is located a hopper or depository through which the tenants may deposit trash and garbage. The door of the hopper has two metal sides and the bottom of the door, as it is opened, works on a radius. When the door closes, the flue is opened, and when the door opens, the flue is closed. Material is deposited in the metal container and in order for it to be dropped into the flue, the hopper door is closed, then the material falls into the incinerator in the basement below, where it is then ignited. Smoke and fumes go up the same flue in which trash and other materials are deposited. This type of incinerator does not burn constantly. When the fire box is filled with trash, a light is applied at the top and it burns from the top down.

In support of the allegations in the notice of motion, plaintiff adduced evidence showing that the incinerator was located in the hall opposite her apartment; that on the morning of the 16th of October, she noticed that the head on which the door to the flue was fastened was loose and falling down; that she notified the agent of defendant of that condition; that later in the day she observed that the whole head was off and lying upon a pile of newspapers near the incinerator and there was exposed a large opening in the wall that "looked" into the flue: that shortly after lunch she began cleaning up her apartment but found the vacuum cleaner clogged with hair or cloth; that she carried the cleaner into the hall for the purpose of depositing the hair or cloth in one of the newspapers to the left of the incinerator; that as she reached down to get a paper there was an explosion in

the incinerator and the flame emanating therefrom seriously burned her face, neck, chest, arm and head. It was further shown that plaintiff did not deposit any refuse in the hopper to the incinerator on the sixteenth.

That plaintiff was painfully injured is beyond dispute and no question is raised as to the amount of damages awarded.

It was further shown by the testimony of Miss Ida Lansden, also a tenant in the apartment house, that while she was on the first floor of the apartment house an explosion occurred; that the incinerator door "flew" open and that smoke and flame came from the incinerator on that floor; that she inquired "What happened?" and was informed by the janitor who had charge that "it was the incinerator"; that directly after the explosion there were dirty spots on the hall wall of the first floor; that she went to the apartment of plaintiff and from there went with her to the hospital; that she was only slightly acquainted with plaintiff.

On the part of the defendant, evidence was introduced, in conflict with the evidence of plaintiff, as to the explosion in the incinerator and the condition of the flue at the time of the accident. The verdict of the jury has resolved all conflicts in the evidence in favor of the plaintiff and also has resolved in her favor the question of the contributory negligence of the plaintiff.

It is assigned as error that "the court erred in overruling the defendant's motion to strike at the conclusion of the plaintiff's testimony in chief"; that "the court erred in overruling the defendant's motion to strike at the conclusion of all the testimony"; and "that the court erred in overruling defendant's motion to set the verdict aside as contrary to the law and the evidence".

It is unnecessary to treat these assignments separately as they present the sole question to be determined, viz: Is the verdict of the jury supported by the evidence?

In the principal case of *Green* v. *Smith,* 153 Va.

675, 151 S. E. 282, the accepted rule relative to the disposition of a motion to strike out the evidence of the plaintiff is stated by Mr. Justice Epes as follows:

"A motion to strike out all the evidence of the adverse party is very far reaching and should never be entertained where it does not plainly appear that the trial court would be compelled to set aside any verdict for the party whose evidence it is sought to strike out. A motion to strike out all the plaintiff's evidence is closely analogous to a demurrer to the evidence by the defendant, but with this important difference, that upon an adverse ruling by the court the defendant is entitled to have submitted to the jury both the question of the plaintiff's right to recover and the measure of recovery, while a demurrer to the evidence finally takes away from the jury all consideration of the plaintiff's right of recovery and submits it to the court.

"In considering a motion to strike out all the plaintiff's evidence, the evidence is to be considered very much as on a demurrer to the evidence. All inferences which a jury might fairly draw from plaintiff's evidence must be drawn in his favor; and where there are several inferences which may be drawn from the evidence, though they may differ in degree of probability, the court must adopt those most favorable to the party whose evidence it is sought to have struck out, unless they be strained, forced, or contrary to reason. *Dove Co.* v. *New River Coal Co.*, 150 Va. 796, 143 S. E. 317; *Limbaugh* v. *Commonwealth*, 149 Va. 383, 393, 140 S. E. 133, 135; *Goshen Furnace Corporation* v. *Tolley's Adm'r*, 134 Va. 404, 114 S. E. 728." See also, *Richardson* v. *Appalachian Electric Power Co.*, 163 Va. 394, 402, 175 S. E. 727, 176 S. E. 471.

It follows as a corollary that whenever the motion to strike the evidence should have been sustained, the motion to set aside the verdict should be granted.

In our opinion, the assignments of error are without merit.

To recapitulate the evidence for the purpose of emphasis, it clearly appears that the head, on which the flue door was fastened, was loose and falling down when plaintiff observed the condition of the flue on the morning of the accident; that the agent of defendant was notified of this defective condition; that the fair inference is that the janitor or someone else attempted to remedy the situation, as the jury accepted as true the statement of the plaintiff that immediately prior to the explosion the door was lying upon a pile of newspapers near the flue. That there was an explosion in the incinerator due to no fault of plaintiff, appears from the evidence of Miss Lansden, a disinterested witness.

It is a significant circumstance that the record is silent as to just when a fire was started in the incinerator. The usual method, as shown by the evidence, was to permit the accumulation of trash, cans, garbage, etc., and then ignite the collection. Whether this was done on the sixteenth, sometime before the explosion, or simultaneously therewith is left to conjecture. In any event, it is a fair conclusion that plaintiff's injuries resulted from the negligence of the defendant in its failure to promptly and properly repair the condition of the flue on the third floor of the apartment house.

It is also assigned as error that plaintiff was permitted to testify that some time after the accident she observed the janitor throw bricks down the flue to the incinerator. No objection was made to this statement of the plaintiff upon her examination in chief. Upon cross-examination, she was asked by counsel for defendant this question: "You know he (the janitor) went up there and threw a brick down in order to clean that flue?" Her answer was, "Yes". Thereupon, for the first time, exception was taken and a motion was made to exclude this statement. Whether or not the statement was admissible is now immaterial, for the reason that the objection came too late.

Upon a careful consideration of the whole case, we are of opinion that the litigants have had a fair trial and the judgment of the lower court should be affirmed.

*Affirmed.*